843 F.2d 1390
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Damon FANCHER, Plaintiff-Appellant,
v.
Russell T. BROWN, Assistant Parole Supervisor Indiana
Department of Corrections Parole Board,
Defendants-Appellees.
 No. 87-6071.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1988.
 
 1
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and JULIAN A. COOK, Jr., District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff initiated this action in the district court on June 11, 1987, alleging that the defendant Indiana parole authorities failed to afford him a parole revocation hearing after they placed a detainer against him with Kentucky prison authorities and after plaintiff requested a prompt disposition of the "charge" under the Interstate Agreement on Detainers. The district court construed the action as one filed under 42 U.S.C. Sec. 1983 and dismissed it as frivolous pursuant to 28 U.S.C. Sec. 1915(d). On appeal, plaintiff contends that his action should have been construed as one for habeas corpus relief under 28 U.S.C. Sec. 2254.
 
 
 4
 We conclude that plaintiff is entitled to no relief regardless of the construction given his action. Plaintiff was on parole from an Indiana conviction when he was sentenced in Kentucky to the prison terms he is currently serving. Under these circumstances, plaintiff is not entitled to an Indiana parole revocation hearing until he is released by Kentucky. Moody v. Daggett, 429 U.S. 78, 86-89 (1976). Further, the Interstate Agreement of Detainers does not require an earlier hearing because a parole-violation detainer is not a "charge" within the meaning of this statute. See Carchman v. Nash, 473 U.S. 716, 727-28 (1985). Therefore, plaintiff was not deprived of a constitutionally protected right, and the district court properly dismissed the action regardless of its nature.
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., U.S. District Judge for the Eastern District of Michigan, sitting by designation